There is no way of telling you if a person is actually a Victim of Sexual Assault. This case concerns the appeal of an order on motion for summary judgment filed by the defendant in front of Judge Ray Rosten in the Pacific Court of Oak County. That summary judgment order was entered on November 21, 2017. Summary judgment was based on two items. Number one, statute of limitations, and number two, the Tort of Immediate Act is set forth under Illinois statute. What happened in this case is that in December of 2006, after proper public hearings and required by Illinois statute and by the local ordinances, that six parcels of my client's property were properly rezoned to agricultural, to commercial categories, C4, residential categories, R2A. And then, 11 months later, after my client would sign a development agreement that he had agreed to, that they wanted to agree to, the village, in one fell swoop, in ordinance 1979, entered an ordinance saying it would repeal those authorizations, repeal ordinance 826, 847, 848. It's unquestionable, the record's clear, they never followed the proper statutory procedures or the proper procedures under their own ordinances. There's no publication, it's required by municipal code, there's no plan commission report, there's no plan commission public hearing. They didn't do any of those things, okay? They simply adopted ordinance 879 saying those proper prior authorizations were repealed. By doing so, purportedly rezoning the property back from R2A, C4, to agricultural. The seminal question in this case, both on the statute of limitations ground and on the court immunity ground, is whether ordinance 875 was legal, valid, and effective. Because if it wasn't, and we say if it wasn't, my clients to this day are still entitled to use their property under the R2A, C, and C4 districts. They were given in December of 2006, and have been prevented by doing so, because it's in the record, Mr. Murphy argued it, in fact, on the motion for summary judgment before Judge Rossi, that these properties are now zoned agricultural. So to this day, my clients are prohibited from developing their property in that manner. And what's interesting about this is that while Mr. Murphy argued that before Judge Rossi, nowhere in Elwood's response brief here did they argue that. Because the strictures of the Illinois Municipal Code, as well as those of the village development ordinances, are mandatory. They say that the village shall provide for a zoning commission, the village shall have that commission prepare a report, the village shall have that commission published before hearing. All those things making it mandatory. And we cited a couple cases with regard to this, the Andrews v. Foxworthy case, as well as the Pasadena case, both of which are Illinois Supreme Court cases. And in the Andrews case, it was a publication of a tax assessment. And it was said, you shall shall publish before enacting a new increased assessment. And the Supreme Court said, when you say shall, you're protecting the rights of someone. And that is mandatory. Without it, you have an ineffective tax assessment. It might as well have not been, which is the case here. Because these statutory requirements, as well as the village requirements, don't just exist for my clients' protection. They exist for a joint neighbor's protection, citizens' protection of the community, the public at large. They're mandatory. And as I said, in their brief now, in their response, Ellwood doesn't even argue that they were not mandatory. They don't argue that somehow this ordinance was effective. What they do say, and what the judge said, is that our statute of limitations began to run on November 28, 2007, when the bill was passed at Ordinance 879. That's wrong for a very simple reason. That ordinance had no legal effect. It has no legal effect to this day, as these requirements were mandatory. Additionally, Ellwood's wrong as far as the cases they cite, in saying even if that enactment had been properly passed, if they had given proper notice, if they had given proper public agency, that in order for us to take a stand on action on its adoption, or whether it was constitutional or otherwise, that we had to bring in a suit within one year of the date that it was passed, in November of 2007. It's flat-out wrong. In fact, they cite the Coonley case versus County of Puyallup. In the Coonley case, in that case, you had a county that passed an ordinance not allowing truck travel through their county roads. And, say, Margaret, when was it passed? When does your action accrue? And the Coonley court said this, and this is a case cited by Ellwood in their brief. Coonley suffered a deprivation of constitutional rights every day that Resolution 9187 remained in effect. Rather than merely suffering additional harm from a prior unconstitutional action. They go on to say, although the fact that no one brought a legal challenge to that resolution within two years of its enactment does not insulate the resolution from a legal challenge for all time, the statute also is not without effect. And the court in that scenario says, is that their limitation was for damages based on that enactment, which, again, had been properly passed. There were proper notice, which is not the case here. I'm saying even if there were proper notice, if they had followed the proper procedure, that damages are limited to two years from prior to when the suit was filed. The suit was filed in 2014, so you go back to that. If ordinance 879 had been properly adopted. But it wasn't. And again, they don't even make the argument that it is. And the reason I get to that, really, with regard to both arguments, and whether it was valid and effective, which it was not, by the theory that Andrews faced the Illinois Supreme Court, and again, they don't even make the argument that it was, is because the court also uses two of our cases. The one based on violations of the Illinois statute, and the one based on violations of other ordinances. They base their dismissal, or some of their judgment, on those tort immunity issues, on the fact that Section 2103, rather than 2202, the Tort Immunity Act applied, because he based it on that there's an immunity for adopting or not adopting an ordinance. And again, this is an issue. Our claims are not based on the adopting or not adopting of that ordinance. Our claims are based on the fact that that ordinance was ineffective again. It didn't have any effect. And then we fall under 202, and it says that public employees are welcome. Public entities are liable where public employees locally or widely commit an act or omission in the execution or enforcement of the law. And prohibiting us from using our property in accordance with the property grant zoning. Who are the officials in purporting to that statute? The mayor, the village administrator, Amy Ingalls, members of the board, all of them told our clients that they no longer had these enactments and they couldn't proceed. In fact, in the record, it's on the appendix, page 95. Well, I'm asking about the status of an employee. Is the mayor an employee of the village? I mean, or is the, I mean, there is the mayor and is the board, are they elected officials of the village? Most certainly officials, but we're watching that the actual employees didn't get to that. Okay, so there is a zoning officer. There is some type of enforcement procedure for lawfully or unlawfully enacted ordinance. Absolutely. And again, those would be questions of fact to what extent that they interfered. That would be something for the prior effect to determine. But isn't the whole problem of this complaint that this ordinance is not valid because of procedural mistakes or procedural errors? And procedural ignoring of the actual law. Didn't follow the proper steps, mandatory steps. Well, it's a, yeah, but that's really it. However it comes about, your claim is that it's an improper and invalid ordinance. And because of that, yes, and because of that, we are entitled to utilize our property in accordance with the properly granted zoning, which we've been prohibited from doing. It's that act. Not allowing us to use our property in the properly granted zoning that was properly granted in 2006. It's the enforcement of that. Because, as you said, this is not a proper enactment. It's mandatory. I would just argue that it is. So that we fall under 202 rather than 203 of the Tort Immunity Act. But that has to be willful and wanton conduct. No question. And that's an issue for the trier of fact, as we cited in our brief. Where are those actions willful and wanton? We have to flush those out. Those are factual determinations. And we cited the case in our brief for that. There's no question that what we're asking for today is not for this court to determine factually whether there was a waiver, whether there were damages, whether these employees acted in a certain way. We're just making those questions a fact. We need to go back. But we shouldn't be here based upon a statute of limitations. A quarter of an ounce in two of those counts only applies to two of those counts of the Tort Immunity Act issue. We should be back there, and we can determine those factually. I'm not saying that those factual questions are answered. I'm saying that there are questions of that with regard to the actions of the public officials that have to be answered back there. The last two issues with regard to this complaint, and this is a little fellow, that we made this because of a letter that a lawyer sent. And you might have said that we weren't going to show it because here I am going to walk into there, objecting to them, and we're doing this ordinance. Number one, and we cited in our brief, and also our client said basically why it just hurts itself, why we didn't come. He said they gave me notice that they were going to do this, and I said, and this is on C-635, I said, what good does it do to go down there? They're not going to do what I said they were going to do anyway. It's like everything else. First of all, every presumption goes against waiver of any notice, waiver of any complaint. Number two, he didn't want to go down there because he said they were going to do anything. Again, and number three, that's a factual determination for the prior fact that we cited. But lastly, they failed to explain how my client, saying, yeah, we know about what you're going to do, but we're not going to go there and oppose it, how that makes an invalid enactment of Ordinance 879 better. How does it do that? There's no argument of how it does. Because unless they follow procedures set forth in the Municipal Code, 1113-2, 1113-14, they cannot resolve properly, which is what they did under Ordinance 879. So in the end, their ordinance is invalid. Even if they had followed the proper procedures, we should not be locked out of statute of limitations because the case they cite themselves, the Kugle case, says that when that invalid enactment, if it is upon our rights to pass, our statute of limitations for damages purposes comes from two years before we file suit. And that is it in the case, the Kugle case, where an ordinance is properly passed, it's properly published, but it was not an constitutional ordinance. So we don't get that. So I said, number one, it's improper, and we're still attempting to use our property to prevent us from doing so. But even if they had properly followed the notice of provisions, if they had it published in the courts of the statute, if they had held public hearing, if they had had a report of the situation, which are mandatory in the statute, even if they've done all that, our statute would be two years as far as damages from when we filed suit for damages purposes. Damages going back two years prior. That's the Kugle v. County you've got. But they suffered. So it's improper. It never had any legal effect. We're still attempting to use our property under those prior ordinances. Our statute of limitations does not keep any of those four claims. And as we're not challenging the enactment of the ordinance, it's not the enactment of the ordinance because it was democratically passed, it's the denial, the intentional denial, of our plans to use our property under the properly granted statute, which they still have today, and it's proof that they're still doing that. The argument that Mr. Murphy made before Judge Rossi was that this property still is on agricultural. And they made some other arguments. Well, you guys tried to get out of the village after this. You tried to damage. Yes, our kids were trying to get out of the village after this. There's no question about that. But how any of that vitiates or somehow makes an invalid and an invalid, they don't explain. Counselor, you have two minutes. Thank you. I'm done. Any questions? I guess not. Thank you. Thank you, Mr. Brennan. Mr. Murphy? Good afternoon. Please support, counsel. Let me start with the idea of the use of the property. There's still a declaratory judgment action that's on file that has not been addressed yet in terms of the use of the property in the future. What we're here today talking about are damage claims that have been prohibited by the statute of limitations and tort immunity. I think as you all know, the tort immunity act goes to damages. It doesn't go to other types of relief. One of the things we did not hear talk about is the continuing violation doctrine, which is really what my understanding of what the appeal is about with regard to the statute of limitations. And what that goes to is when certain actions accrue over time and finally ripen into a cause of action, that's when that doctrine applies. It does not apply when you have facts which you can move forward on at a specific time. According to Mr. Wendland, those facts would have occurred when the ordinance was passed repealing residential ordinances. At that point in time, everything that needed to be known was known. The statute of limitations began to run then. If there was any doubt about when the statute of limitations began to run, you have to look at the petition for disconnection that plaintiffs filed. What did they put in there? Not that it was zoned residential, but it was zoned agricultural. In 2008, they filed that, September 25th. They recognized it was zoned agriculture. If they had a problem with it at that point in time, they could have brought a cause of action for damages at that time. It would have been within the statute of limitations from when the repealing ordinance would have been passed. It would have been in two years for purposes of 1983 action. The question of what? He says that I think employees or somebody is enforcing this action. What is unique in this particular summary of judgment? There are no facts, common facts, of any action taken with regard to what they did thereafter. There are some allegations about the ordinances being destroyed. I don't know why they were destroyed. I can't address that, but that has nothing to do with the enforcement. It also has nothing to do with the ability to have brought the action as soon as the repealing ordinance was passed. So what he basically, I think what boils down to the argument is, and he hasn't quite put it this way, but I'll try to articulate it, which is to say, if a village passes a void ordinance, statute of limitations don't matter, tort immunity doesn't matter. That's what it boils down to. When it comes down to the question of 2-103 versus 2-102 of the Tort Immunity Act, Justice Litton, you wrote a case on it, and Pope recognizing that Wilford and Lawton acts do not apply to 2-103. It either applies or it doesn't apply. And so whether it's Wilford and Lawton as long as 2-103 applies, and we believe it does because it was an adoption of an action which is an ordinance. Now that might have been void, but again, are you going to take away the tort immunity when municipal officers pass something that is incorrect in determining later in court for whatever reason? That's really what the court is faced with. And I don't think counsel has presented any opinion, any valid argument as to why the tort immunity act should be waived at that point in time when we look to another section. Nor is there any compelling reason to allow the damages to continue on or somehow sort of jump back and restart the statute of limitations period when its effectors were based on the passage of the ordinance and claiming that, well, the ordinance was passed a long time ago. This is really the damage that's going on. This would almost be no different than a contract saying, well, he breached the contract. I'm still suffering damages, and you know what? I called him up and he said he still won't do it, so that only starts the statute of limitations. Let's not do the statute of limitations. All right. Do we have any questions? Thank you. Thank you, Mr. Murphy. Mr. Brennan and everybody. Thank you. I enjoyed Mr. Murphy's argument, although this characterized a couple of things I said. But one thing you did not see in his response, you also did not hear in his argument, and that is that 879 was properly adopted, that they followed statutory procedures, that they weren't mandatory, that that does not make it completely ineffective as it didn't exist. He made none of those arguments because he can't make any of those arguments. But that's your cause of action, right? Our cause of action is that they're preventing our use of our property under the properly granted ordinances 846, 847, 848. But you got a cause of action at the time they passed the allegedly invalid statute. We don't believe that that's the trigger of our cause of action. We believe that that's the reason, but that's ineffective. Okay. I understand that that's what you're alleging. Yes. But I'm not thinking that you cited any law that says that. We absolutely did, Your Honor. In fact, we cited not only the statute, the municipal code that makes it mandatory, but we also cited the Andrews v. Foxworthy case in the Illinois Supreme Court that says where those mandatory restrictions are there, that they're mandatory. A failure to comply with them makes the enactment ineffective, invalid, void, as if they didn't exist. Right. And I agree. You did cite those cases. Yes. But your injury was the passing of the invalid ordinance, and your remedy has to come when you get that ordinance declared invalid. Isn't that right? That may be one remedy. It's not the sole remedy. And, in fact, the case that they cited, the Coonley case, again, versus County v. Iowa says something entirely different because it addresses damages particularly. And it says that Coonley suffered a new deprivation of constitutional rights every day that Resolution 9187 remained in effect, rather than merely suffering additional harm from the firearm constitutional act of precedence. So Coonley says exactly the opposite of what Mr. Murphy's saying right now. And it's interesting because it's a case that he cited in his response for a wholly different proposition. So that's what the case says. That case says that as long as that improper enactment exists there, okay, that we suffer a new violation. And the only limitation, damages-wise, is that you can only make a claim for damages within the amount of time prior to you filing suit for whatever that statute was, two years, one year. We filed in 2014. So he didn't counter that either. That's actually what the case law says before Your Honor, not only the case law cited by me, the case law cited by Mr. Murphy and others. Okay. Secondarily, when you mentioned the Huff case, Justice, and what Your Honor looks at in that case is that you have a properly passed ordinance, which you don't have here. And the action was by residents for the failure of the village to enforce an ordinance about where bushes can be or how bushes can be that would clearly fall under the first section, which the court would have ruled on 2-103, and the failing to enforce any law. That's 2-103. There's absolute immunity for it. What we're saying here is that it would fall under 2-202, which again is only addressed to counts seven and eight, not the three and four, not the 1983 count, not the only constitutional count, but count seven, the only municipal statute violation, and count eight, the ordinance violation, that it's their act, and we have to prove this, that their acts are willful and lawful, we have to prove it from a professional standpoint, that their actions in prohibiting us from using the property in accordance with the ordinance zoning that we still have are willful and lawful in the knowing face of knowing that they had no legal reason to do so, that we fall under that 2-202. And the Pope doesn't apply that way, because we're not arguing that they're failing to enforce 879. Our problem is just the opposite, that they are refusing to allow us to utilize our property in accordance with what's constitutionally granted, properly granted under statute, the only statute that was set forth pursuant to the only constitution that was properly granted. And so we should not be dismissed or get some regressions that are granted to us on that basis. Thank you. Thank you, Mr. Brennan. Thank you both. For your arguments today, in reference to the matter under advisement, the bench was a witness position.